UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MELISSA A. FLORIO, )
)
Plaintiff, )
)
Vs. )
) 08CV1514
COMCAST CORPORATION, ) JUDGE LEFKOW
) MAGISTRATE JUDGE COX
Defendant. )

## COMPLAINT

NOW COMES Plaintiff, MELISSA A. FLORIO, by and through her attorney, JAMES J. MACCHITELLI, and in her Complaint against Defendant, COMCAST CORPORATION, she states as follows:

### JURISDICTION

1. Jurisdiction is based upon 28 U.S.C. §1331, 28 U.S.C. §1343 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the supplemental claim under 28 U.S.C. §1367.

2. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A. The EEOC issued a "Notice of Right to Sue" in favor of Plaintiff, which is attached hereto

### VENUE

3. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this judicial district.

### PARTIES

4. Plaintiff, MELISSA A. FLORIO ("Plaintiff") is a female citizen of the United States and a resident of the State of Illinois and she suffers from grand mal seizures. Plaintiff was formerly employed by Defendant, Comcast Corporation at its location in Schaumburg, Illinois.

5. Defendant, Comcast Corporation ("Defendant") is a Pennsylvania corporation authorized to do business in Illinois and operates its business at 1500 McConnor Parkway, Schaumburg, Illinois 60173. At all times relevant hereto, Defendant employed more than 500 employees and was engaged in an industry affecting commerce, thereby rendering Defendant an employer under the Americans with Disabilities Act.

**FACTUAL ALLEGATIONS**

6. Plaintiff began her employment with Defendant on October 11, 2004 and her last position of employment was as an I.P. Support Representative.

7. Throughout her employment, Plaintiff discharged all of her duties competently, performing the essential functions of her job and had an excellent work ethic and performance.

8. On or about June 2, 2007, Plaintiff suffered from a grand mal seizure which was a seizure of first impression. Plaintiff received emergency medical treatment at Resurrection Medical Center and upon her release it was prescribed for her to follow-up with a neurologist for a neurological evaluation.

9. Plaintiff saw a neurologist known as Dr. Paula Mendes, M.D. who prescribed numerous tests and instructed Plaintiff not to work. After an EEG, 72 hour EEG, MRI and MRA, the cause of the Plaintiff's seizures could not be determined and Dr. Mendes prescribed seizure medication and referred the Plaintiff to see a cardiologist for some other tests.

10. Plaintiff was arranging to receive compensation through short term disability through Defendant's insurer, Liberty Mutual, and was terminated from employment by Defendant while she was receiving medical treatments and diagnostic tests for a serious medical condition.

11. Defendant is and was aware of Plaintiff's disabling seizure condition, is and was aware of Plaintiff's record of disability and received confirmation from Plaintiff's healthcare

professional who is a licensed neurologist that Plaintiff was not capable of working until her condition was further treated and diagnosed.

12. Throughout June, July and August of 2007, Plaintiff was not able to report to work, as she was instructed by her neurologist to remain off of work until further medical tests were done and her condition was diagnosed and further instructed not to drive a vehicle.

13. However, Defendant ignored Dr. Mendes' instruction that Plaintiff remain off of work until further tests were conducted and a diagnosis made and on August 6, 2007, it demanded that Plaintiff return to work with a proper release from her physician.

14. On August 17, 2007, Defendant terminated Plaintiff and advised Plaintiff via correspondence that she was considered to be away from work on an unapproved leave based upon its insurer's denial of short term disability benefits and that Plaintiff was not eligible for the Family and Medical Leave Act relief. A copy of the Defendant's "Termination Letter" is attached and marked Plaintiff's Exhibit " C."

15. First and foremost, Defendant's insurer did not deny Plaintiff short term disability. On September 5, 2007, Defendant's insurer, Liberty Mutual, informed Plaintiff via letter that she was eligible for short-term disability through July 22, 2007 and that continued benefit payment was subject to updated medical documentation. A copy of the insurer's letter is attached and marked Plaintiff's Exhibit " D."

16. By the acts and conduct described above, Defendant intended to cause and did cause Plaintiff severe emotional distress, or acted in reckless disregard that its actions would cause Plaintiff such injury.

17. At this time, Plaintiff suffered grand mal seizures and was receiving medical treatment and diagnostic tests. But, short of receiving seizure medication from her treating

neurologist, Plaintiff did not receive a diagnosis of her condition and was instructed to see a cardiologist for further work-up and study.

18. Defendant unlawfully discharged Plaintiff and this discharge unlawfully terminated her health insurance coverage. Without health insurance, Plaintiff has been unable to receive the necessary medical treatments and still the cause of her seizures remains unknown which has caused the Plaintiff to suffer from uncontrolled fears and emotional distress.

19. As a result of Defendant's discriminatory behavior, Plaintiff has suffered lost wages, benefits, severe emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT I

### DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

21. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. § 12101 et seq., makes it unlawful for an employer to discriminate against an employee or the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

22. By its conduct as alleged herein, Defendant discriminated against Plaintiff, in that Defendant terminated and refused to reinstate Plaintiff because of her disability, because Defendant was aware of Plaintiff's disability, because Defendant was aware of Plaintiff's record of having a disability, and because Defendant further regarded Plaintiff as being disabled and terminated Plaintiff before she could arrange to receive short term disability and maybe long term disability from Defendant's insurer, Liberty Mutual Insurance Company.

23. Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

24. Plaintiff demands to exercise his right to a jury trial of this matter.

## COUNT II

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILTIES ACT

25. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

26. Title I of the Americans with Disabilities Act, specifically 42 U.S.C. §12101 et seq., makes it unlawful for an employer to fail to accommodate an employee's disability.

27. By its conduct as alleged herein, Defendant failed to accommodate Plaintiff's disability, in that Defendant disciplined Plaintiff for allegedly not communicating properly about her illness and absences from work and in that Defendant refused at all times to engage in any discussion whatsoever with Plaintiff about her return to work, refused to allow for any flexibility with regard to the Plaintiff's disability.

28. Defendant's willful and reckless misconduct further caused Plaintiff damages in that Defendant refused to allow Plaintiff to maintain her health insurance benefits which caused Plaintiff the inability to treat her disability and prohibited her from obtaining further tests and observations from healthcare professionals and prevented Plaintiff from obtaining a proper diagnosis of her disability and denied her the ability to treat, medicate and possibly cure her disability. Moreover, Defendant failed to offer any other accommodation to Plaintiff but rather permanently terminated her from employment.

29. Defendant's conduct toward Plaintiff illustrates a willful and wanton or reckless disregard of Plaintiff s right to be free from impermissible disability discrimination.

30. Plaintiff demands to exercise his right to a jury trial of this matter.

## COUNT III

### FAILURE TO GRANT MEDICAL LEAVE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

31. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if hilly set forth herein.

32. Pursuant to the Family and Medical Leave Act, Plaintiff was an eligible employee and she was entitled to a total of 12 workweeks of leave during any 12-month period for her serious health condition which made Plaintiff unable to perform the functions of her position of such employment.." 29 U.S.C. §2612.

33. By its conduct as alleged herein, Defendant's discharge of the Plaintiff was unlawful.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination and to be free from discrimination for seeking medical leave..

35. Plaintiff demands to exercise his right to a jury trial of this matter.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

37. By its conduct as alleged herein, Defendant's behavior toward Plaintiff was extreme and outrageous, was intended to cause Plaintiff severe emotional distress and did cause Plaintiff severe emotional distress.

38. Moreover, Defendant was aware of' Plaintiff's susceptibility to emotional distress when it took extreme and outrageous actions against her.

39 Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED

WHEREFORE. Plaintiff respectful ly requests that this Court find in his favor and against Defendant as follows:

a. Declare that Defendant's conduct was in violation of the Americans with Disabilities Act and the Family and Medical Leave Act;

b. Declare that Defendant's conduct is in violation of Illinois law;

c. Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendant's unlawful conduct plus interest;

d. Reinstate Plaintiff to her position of employment;

e. Award Plaintiff the value of compensation and benefits she lost and will lose in the future as a result of Defendant's unlawful conduct;

f. Award Plaintiff an amount of liquidated damages equal to the amount of damages provided;

g. Award Plaintiff damages for emotional distress;

h. Award Plaintiff punitive damages;

I. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

j. Award Plaintiff any and all other relief as is appropriate and just.

Respectfully submitted

MELISSA A. FLORIO

By: James J. Macchitelli

James J. Macchitelli
Attorney at Law
7247 West Touhy Avenue
Chicago, Illinois 60631
773-631-1500
Illinois Attorney No.: 6208773

# PLAINTIFF'S EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Agency(ies) Charge No(s): <br> 440-2008-00658 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) <br> Ms. Melissa Florio | Home Phone (Incl. Area Code) <br> (773) 425-4658 | Date of Birth <br> 12-18-1982 |
|---|---|---|

Street Address: 6853 N. Ottawa Avenue, Chicago, IL 60631

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name <br> COMCAST | No. Employees, Members <br> 500+ | Phone No. (Include Area Code) <br> (847) 585-6459 |
|---|---|---|

Street Address: 1500 Mcconnor Parkway, Schaumburg, IL 60173

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-17-2007   Latest: 08-17-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent on or about October 11, 2004. My most recent position was I.P. Support Representative. Respondent is aware of my disability. Subsequently, I was discharged on August 17, 2007.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990. I also believe that I have been discriminated against because of my national origin, Italian, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
DEC 10 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 11/5/07   Charging Party Signature: *Melissa Florio*

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE
SUBSCRIBED (month, day, )

PLAINTIFF'S
EXHIBIT "A"

# PLAINTIFF'S EXHIBIT "B"

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Melissa Florio<br>6853 N. Ottawa Avenue<br>Chicago, IL 60631<br><br>CERTIFIED MAIL 7001 0320 0005 9832 4365 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

RECEIVED EEOC FEB 0 1 2008 CHICAGO DISTRICT OFFICE

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-00658 | Zelma Gonzalez, Investigator Support Asst | (312) 886-4821 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)          _John P. Rowe_          12-31-07
                       John P. Rowe,           (Date Mailed)
                       District Director

cc:     COMCAST (CC) OF WILLOW GROVE

Plaintiff's

Exhibit "B"

# PLAINTIFF'S EXHIBIT " C"



1500 McConnor Parkway
Schaumburg, IL 60173

<u>Sent via UPS Overnight Mail</u>

August 17, 2007

Ms. Melissa Florio
6853 N Ottawa Avenue
Chicago, Illinois 60631

Dear Ms. Florio:

On August 6, 2007, you were sent a letter regarding your current status. In that letter you were advised that you were considered to be away from work on an unapproved leave based on Liberty Mutual's denial of your Short Term Disability benefit and the fact that you do not qualify for FMLA at this time, due to exhausting the 480 hour allotment. Additionally, that letter requested your return to work by Monday, August 13, 2007. Furthermore, you were advised that failure to return to work by the aforementioned date would be considered job abandonment and that we would process your voluntary resignation.

On Monday, August 6, 2007, via telephone you were advised of your options of filing an appeal of the denial with Liberty Mutual or returning to work as requested. Since you have not filed an appeal with Liberty Mutual, nor have you returned to work or notified the Company on more than three consecutive dates of your intended absence (No Call/No Show) from July 23 – August 16, 2007, your employment is terminated effective immediately.

Please contact Tracye Mingo at 847-585-6429 to make arrangements to return your headset, ID card, key card and to receive any personal belongings.

Sincerely,

La Shawn R. Stanton
Human Resources Manager

cc: Tracye Mingo

PLAINTIFF'S

EXHIBIT "C"

# PLAINTIFF'S EXHIBIT " D"



Liberty Life Assurance Company of Boston
Disability Claims
P.O. Box 1525
Dover, NH 03821-1525
Phone No.: (800) 210-0268
Secure Fax No.: (603) 334-0401

September 5, 2007

Melissa Florio
6853 N Ottawa Avenue
Chicago, IL 60631-0000

RE:   Comcast Corporation
      Short Term Disability Benefits
      Claim #: 1517019

Dear Ms. Florio:

We are writing with regard to your claim for Short Term Disability Benefits (STD) under the Comcast Corporation STD Plan. We have completed a review of your eligibility for disability benefits, and have determined that benefits are no longer payable beyond July 22, 2007.

Continued benefit payments are subject to updated medical documentation. The definition of disability states the condition will be evaluated relative to the employee's inability to perform the material and substantial duties of his job as stated in the Plan:

*Comcast provides Company-paid STD coverage to eligible employees who are actively at work and suffer a non-work related injury or illness longer than the benefit qualifying period. For this plan, a disability is defined as the inability to perform your own job. Partial disability is defined as the inability to earn at least 75% of pre-disability income performing your own job.*

*Your STD benefit will end on:*

- *The date you are no longer deemed disabled according to this plan,*
- *The date you refuse appropriate available treatment,*
- *The date you refuse a full-time or part-time job with Comcast where modifications or accommodations have been made to allow you to perform the duties of your job,*
- *The date you are able to work in your own job on a part-time basis, but chose not to,*
- *The date your partial disability earnings exceed 75% of your pre-disability income,*
- *The date benefits are exhausted (26-week maximum),*
- *The date you fail to submit proof of continuing disability upon request,*
- *The date your employment terminates,*

PLAINTIFF'S

EXHIBIT "D"

- *The date you retire, or*
- *The date you die.*

On July 20, 2007 and August 10, 2007 we requested all office treatment notes, test results, lab results, and discharge summaries from Dr. Jerome Handler and Dr. Paula Medes.

The following documentation was received and reviewed:

An invoice for medical records from Dr. Mendes at Consultants and Neurology.

On July 23, 2007 and August 14, 2007 I sent you a letter notifying you of the invoice received for medical records from Consultants in Neurology. On August 23, 2007 I also called Dr. Handler's office that reported your last office visit as June 5, 2007 and called Dr. Mendes' office who reported your last office visit as June 28, 2007 and there was no work up in progress.

In a phone conversation with you on August 23, 2007 I also notified you of our request for ongoing medical documentation from Dr. Handler and Dr. Mendes and that is needed for any further extension of benefits.

Since we did not receive the necessary proof to verify ongoing disability, no further benefits will be paid and your file will be closed. Benefits have been approved through July 22, 2007 and your claim is closed as of July 23, 2007.

If you have a pending Social Security, Workers' Compensation or Pension benefit that is awarded retroactive to your period of disability with Liberty Life Assurance Company of Boston (Liberty Life), a representative from our Claims Recovery Unit will contact you shortly. Please be advised that you are expected to repay the amount of any disability benefit you received during the time periods that you received income from other sources, per the language of your disability Plan.

This claim determination reflects an evaluation of the claim facts and Plan provisions. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), you may request a review of this denial by writing to the address below:

The Liberty Life Assurance Company of Boston
Attn: Laura Talling
Disability Claims
P.O. Box 1525
Dover, NH 03821-1525

The written request for review must be sent within 180 days of the receipt of this letter and state the reasons why you feel your claim should not have been denied. In your request for

review please include the following documentation: all office treatment notes, test results, lab results, and discharge summaries from all treating providers; as well as any additional information which you feel will support your claim. You may request to review pertinent claim file documents upon which the denial of benefits was based. If Liberty Life does not receive your written request for review within 180 days of your receipt of this notice, our claim decision will be final, your file will remain closed, and no further review of your claim will be conducted. Under normal circumstances, you will be notified of the final decision within 45 days of the date that your request is received. If special circumstances cause a delay in our decision, you will be notified of the final decision no later than 90 days after your request for review is received.

Nothing in this letter should be construed as a waiver of any Comcast Corporation rights and defenses under the above captioned Plan, and all of these rights and defenses are reserved to the Plan Sponsor, whether or not they are specifically mentioned herein.

If you have any questions about this determination please call me.

Sincerely,

Laura Talling
Group Disability Claims Associate
Phone No.: (800) 210-0268 Ext. 30374
Secure Fax No.: (603) 334-0401