UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA A. FLORIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 1514 |
| ) | |
| COMCAST CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT**

Now comes Comcast of Illinois XI, LLC, improperly designated as Comcast Corporation in the Complaint, (hereafter "Defendant"), by and through its attorneys in this regard Craig R. Annunziata and Nesheba M. Kittling of Fisher & Phillips LLP, and in answer to Plaintiff's Complaint states as follows:

**JURISDICTION**

1.  Jurisdiction is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1343 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the supplemental claim under 28 U.S.C. § 1367.

ANSWER:   Defendant admits the allegations contained in Paragraph 1 for jurisdictional purposes only.

2.  Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A. The EEOC issued a "Notice of Right to Sue" in favor of Plaintiff, which is attached hereto.

ANSWER:   Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and that it is attached as Exhibit A. Defendant further admits that the EEOC issued a right to sue

notice to Plaintiff and that it is attached to the Complaint. Defendant denies that the EEOC issued a right to sue notice "in favor of Plaintiff." Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 2.

**VENUE**

3.　　This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this judicial district.

ANSWER:　　Defendant admits the allegations contained in Paragraph 3 for jurisdictional purposes only.

**PARTIES**

4.　　Plaintiff, MELISSA A. FLORIO ("Plaintiff") is a female citizen of the United States and a resident of the State of Illinois and she suffers from grand mall seizures. Plaintiff was formerly employed by Defendant, Comcast Corporation at its location in Schaumburg, Illinois.

ANSWER:　　Defendant admits that Plaintiff was formerly employed by Defendant Comcast of Illinois XI, LLC at its location in Schaumburg, Illinois. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 4.

5.　　Defendant, Comcast Corporation ("Defendant") is a Pennsylvania corporation authorized to do business in Illinois and operates its business at 1500 McConnor Parkway, Schaumburg, Illinois 60173. At all times relevant hereto, Defendant employed more than 500 employees and was engaged in an industry affecting commerce, thereby rendering Defendant an employer under the Americans with Disabilities Act.

ANSWER:   Defendant Comcast of Illinois XI, LLC admits that it is an Illinois corporation, authorized to do business in Illinois and operates its business at 1500 McConnor Parkway, Schaumburg, Illinois 60173.  Defendant admits the remaining allegations contained in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant on October 11, 2004 and her last position of employment was as an I.P. Support Representative.

ANSWER:   Defendant admits the allegations contained in Paragraph 6.

7. Throughout her employment, Plaintiff discharged all of her duties completely, performing the essential functions of her job and had an excellent work ethic and performance.

ANSWER:   Defendant denies the allegations contained in Paragraph 7.

8. On or about June 2, 2007, Plaintiff suffered from a grand mal seizure which was a seizure of firm impression.  Plaintiff received emergency medical treatment at Resurrection Medical Center and upon her release it was prescribed for her to follow-up with a neurologist for a neurological evaluation.

ANSWER:   Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8.

9. Plaintiff saw a neurologist known as Dr. Paula Mendes, M.D. who prescribed numerous tests and instructed Plaintiff not to work.  After an EEG, 72 hour EEG, MRI and MRA, the cause of the Plaintiff's seizures could not be determined and Dr. Mendes prescribed seizure medication and referred the Plaintiff to see a cardiologist for some other tests.

ANSWER:   Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9.

10.     Plaintiff was arranging to receive compensation through short term disability through Defendant's insurer, Liberty Mutual, and was terminated from employment by Defendant while she was receiving medical treatments and diagnostic tests for a serious medical condition.

ANSWER:     Defendant admits that it terminated Plaintiff's employment.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 10.

11.     Defendant is and was aware of Plaintiff's disabling seizure condition, is and was aware of Plaintiff's record of disability and received confirmation from Plaintiff's healthcare professional who is a licensed neurologist that Plaintiff was not capable of working until her condition was further treated and diagnosed.

ANSWER:     Defendant denies the allegations contained in Paragraph 11.

12.     Throughout June, July and August of 2007, Plaintiff was not able to report to work, as she was instructed by her neurologist to remain off of work until further medical tests were done and her condition was diagnosed and further instructed not to drive a vehicle.

ANSWER:     Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12.

13.     However, Defendant ignored Dr. Mendes' instruction that Plaintiff remain off of work until further tests were conducted and a diagnosis made and on August 6, 2007, it demanded that Plaintiff return to work with a proper release from her physician.

ANSWER:     Defendant admits that it sent correspondence to Plaintiff on August 6, 2007. Defendant denies the remaining allegations contained in Paragraph 13.

14. On August 17, 2007, Defendant terminated Plaintiff and advised Plaintiff via correspondence that she was considered to be away from work on an unapproved leave based upon its insurer's denial of short term disability benefits and that Plaintiff was not eligible for the Family and Medical Leave Act relief. A copy of the Defendant's "Termination Letter" is attached and marked Plaintiff's Exhibit "C."

ANSWER: Defendant admits the allegations contained in Paragraph 14.

15. First and foremost, Defendant's insurer did not deny Plaintiff short term disability. On September 5, 2007, Defendant's insurer, Liberty Mutual, informed Plaintiff via letter that she was eligible for short-term disability through July 22, 2007 and that continued benefit payment was subject to updated medical documentation. A copy of the insurer's letter is attached and marked Plaintiff's Exhibit "D."

ANSWER: Defendant admits that a copy of correspondence from Liberty Mutual is attached to the Complaint as Exhibit D. Defendant denies the remaining allegations contained in Paragraph 15.

16. By the acts and conduct described above, Defendant intended to cause and did cause Plaintiff severe emotional distress, or acted in reckless disregard that its actions would cause Plaintiff such injury.

ANSWER: Defendant denies the allegations contained in Paragraph 16.

17. At this time, Plaintiff suffered grand mal seizures and was receiving medical treatment and diagnostic tests. But, short of receiving seizure medication from her treating neurologist, Plaintiff did not receive a diagnosis of her condition and was instructed to see a cardiologist for further work-up and study.

ANSWER:    Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17.

18.    Defendant unlawfully discharged Plaintiff and this discharge unlawfully terminated her health insurance coverage.  Without health insurance, Plaintiff has been unable to receive the necessary medical treatments and still the cause of her seizures remains unknown which has caused the Plaintiff to suffer from uncontrolled fears and emotional distress.

ANSWER:    Defendant denies that it unlawfully discharged Plaintiff and that this discharge unlawfully terminated her health insurance coverage.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 18.

19.    As a result of Defendant's discriminatory behavior, Plaintiff has suffered lost [*sic*] wages, benefits, severe emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

ANSWER:    Defendant denies the allegations contained in Paragraph 19.

## COUNT I

### DISCRIMINATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

20.    Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if hilly [*sic*] set forth herein.

ANSWER:    Defendant restates and incorporates its answers to Paragraphs 1 through 19 as if fully set forth herein.

21.    Title I of the Americans with Disabilities Act, specifically 42 U.S.C. § 12101 et seq., makes it unlawful for an employer to discriminate against an employee or the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

ANSWER:   Defendant admits the allegations contained in Paragraph 21.

22.   By its conduct as alleged herein, Defendant discriminated against Plaintiff, in that Defendant terminated and refused to reinstate Plaintiff because of her disability, because Defendant was aware of Plaintiff's disability, because Defendant was aware of Plaintiff's record of having a disability, and because Defendant further regarded Plaintiff as being disabled and terminated Plaintiff before she could arrange to receive short term disability and maybe long term disability from Defendant's insurer, Liberty Mutual Insurance Company.

ANSWER:   Defendant denies the allegations contained in Paragraph 22.

23.   Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

ANSWER:   Defendant denies the allegations contained in Paragraph 23.

24.   Plaintiff demands to exercise his [*sic*] right to jury trial of this matter.

ANSWER:   Defendant admits that Plaintiff has demanded a jury trial.

## COUNT II

### FAILURE TO ACCOMMODATE
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

25.   Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

ANSWER:   Defendant restates and incorporates its answers to Paragraphs 1 though 19 as if fully set forth herein.

26.   Title I of the Americans with Disabilities Act, specifically 42 U.S.C. § 12101 et seq., makes it unlawful for an employer to fail to accommodate an employee's disability.

ANSWER:   Defendant denies the allegations as stated and contained in Paragraph 26.

27.     By its conduct as alleged herein, Defendant failed to accommodate Plaintiff's disability, in that Defendant disciplined Plaintiff for allegedly not communicating properly about her illness and absences from work and in that Defendant refused at all times to engage in any discussion whatsoever with Plaintiff about her return to work, refused to allow for her flexibility with regard to the Plaintiff's disability.

ANSWER:    Defendant denies the allegations contained in Paragraph 27.

28.     Defendant's willful and reckless misconduct further caused Plaintiff damages in that Defendant refused to allow Plaintiff to maintain her health insurance benefits which caused Plaintiff the inability to treat her disability and prohibited her from obtaining further tests and observations from healthcare professionals and prevented Plaintiff from obtaining a proper diagnosis of her disability and denied her the ability to treat, medicate and possibly cure her disability.  Moreover, Defendant failed to offer any other accommodation to Plaintiff but rather permanently terminated her from employment.

ANSWER:    Defendant denies the allegations contained in Paragraph 28.

29.     Defendant's conduct toward Plaintiff illustrates a willful and wanton or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

ANSWER:    Defendant denies the allegations contained in Paragraph 29.

30.     Plaintiff demands to exercise his [*sic*] right to a jury trial of this matter.

ANSWER:    Defendant admits that Plaintiff has demanded a jury trial.

## COUNT III

### FAILURE TO GRANT MEDICAL LEAVE
### IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

31.     Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if hilly [*sic*] set forth herein.

ANSWER:     Defendant restates and incorporates its answers to Paragraphs 1 through 19 as if fully set forth herein.

32.     Pursuant to the Family and Medical Leave Act, Plaintiff was an eligible employee and she was entitled to a total of 12 workweeks of leave during any 12-month period for her serious health condition which made Plaintiff unable to perform the functions of her position of such employment."[*sic*] 29 U.S.C. § 2612.

ANSWER:     Defendant denies the allegations contained in Paragraph 32.

33.     By its conduct al alleged herein, Defendant's discharge of the Plaintiff was unlawful.

ANSWER:     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights to be free from impermissible disability discrimination and to be free from discrimination for seeking medical leave.

ANSWER:     Defendant denies the allegations contained in Paragraph 34.

35.     Plaintiff demands to exercise his [*sic*] right to a jury trial of this matter.

ANSWER:     Defendant admits that Plaintiff has requested a jury trial.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

ANSWER:     Defendant restates and incorporates its answers to Paragraphs 1 through 19 as if fully set forth herein.

37.     By its conduct as alleged herein, Defendant's behavior toward Plaintiff was extreme and outrageous, was intended to cause Plaintiff severe emotional distress and did cause Plaintiff severe emotional distress.

ANSWER:     Defendant denies the allegations contained in Paragraph 37.

38.     Moreover, Defendant was aware of Plaintiff's susceptibility to emotional distress when it took extreme and outrageous actions against her.

ANSWER:     Defendant denies the allegations contained in Paragraph 38.

39.     Plaintiff demands to exercise her right to a jury trial of this matter.

ANSWER:     Defendant admits that Plaintiff has demanded a jury trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in his [*sic*] favor and against Defendant as follows:

a.   Declare that Defendant's conduct was in violation of the Americans with Disabilities Act and the Family and Medical Leave Act;

b.   Declare that Defendant's conduct is in violation of Illinois law;

c.   Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendant's unlawful conduct plus interest;

d. Reinstate Plaintiff to her position of employment;

e. Award Plaintiff the value of compensation and benefits she lost and will lost in the future as a result of Defendant's unlawful conduct;

f. Award Plaintiff an amount of liquidated damages equal to the amount of damages provided.

g. Award Plaintiff damages for emotional distress;

h. Award Plaintiff punitive damages;

i. Award Plaintiff reasonable attorney's fees, costs and disbursements; and

j. Award Plaintiff any and all other relief as is appropriate and just.

ANSWER:    Defendant denies that Plaintiff is entitled to any damages, or that she is entitled to the specific relief sought in the foregoing prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails in whole or in part to state a cause of action upon which the Court may grant relief.

### SECOND DEFENSE

Plaintiff's claims and/or damages are barred to the extent that she failed to mitigate her damages.

### THIRD DEFENSE

To the extent Plaintiff's claims were not included within an administrative charge of discrimination filed with the EEOC and were neither investigated nor conciliated by the EEOC, Plaintiff has failed to satisfy the conditions precedent to filing an action under the Americans with Disabilities Act ("ADA").

**FOURTH DEFENSE**

Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

**FIFTH DEFENSE**

Defendant is insulated from liability for alleged discrimination because Defendant has adopted and enforced an anti-discrimination policy, and Defendant neither knew nor had any reason to know of the alleged acts or admissions complained of in this case.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that the acts alleged are in whole or in part outside of the scope of employment.

**SEVENTH DEFENSE**

Plaintiff's claims may be barred by the doctrine of estoppel, unclean hands, and/or laches.

**EIGHTH DEFENSE**

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

**NINTH DEFENSE**

To the extent that any action complained of by Plaintiff occurred more than 300 days prior to him filing a charge of discrimination, it cannot form the bases for any relief under the ADA.

**TENTH DEFENSE**

Plaintiff's claims, in part, are barred by the exclusivity of remedy doctrine under the Illinois Workers' Compensation Act.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred because punitive damages are not authorized by the FMLA

**TWELFTH DEFENSE**

Plaintiff's claims for general damages including, but not limited to, claims for mental and emotional distress are barred because such damages are not authorized by the FMLA.

**THIRTEENTH DEFENSE**

Plaintiff's request for a jury trial is barred because the FMLA provides no statutory right to a jury trial.

Defendant may have additional affirmative defenses as yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as and when appropriate.


By:   /s/ Nesheba M. Kittling
      One of the Attorneys for Defendant

Craig R. Annunziata
Nesheba M. Kittling
FISHER & PHILLIPS LLP
140 S. Dearborn Street
Suite 1000
Chicago, IL 60603
Telephone: (312) 346-8061
Facsimile:  (312) 346-3179

## **CERTIFICATE OF SERVICE**

      That on July 15, 2008, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James J. Macchitelli
Attorney at Law
7247 West Touhy Avenue
Chicago, Illinois 60631

thereby serving same upon him.

                                                /s/  Nesheba M. Kittling